UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Anthony Rose,

|  | | |
|---|---|---|
| | Plaintiff, | **COMPLAINT** |

        -against-

Wineshipping, LLC;

                  Defendant.
-----------------------------------------------------------------X

## NATURE OF ACTION

1.  Plaintiff brings this action to recover front pay, lost wages, emotional distress damages, prejudgment interest, punitive damages, and reasonable attorney fees and costs from the Defendant, for whom the Plaintiff worked.

2.  Plaintiff was employed as a warehouse associate at Wineshipping, LLC. For a time prior to filing this Complaint, the Defendants willfully committed violations of Title VII of the Civil Rights Act of 1964, the New York Labor Law §215, and the New York Executive Law §296 et. seq by retaliating against Anthony Rose ("Mr. Rose") after he engaged in protected activity when he complained about sexual harassment directed towards his girlfriend Shaniqua Leath ("Ms. Leath") by a supervisor.

3.  Defendants willfully retaliated against Mr. Rose by giving him unwarranted disciplinary write-ups and terminating him without any justifiable reason after complaining about Ms. Leath being sexually harassed by his supervisor Chriss Ward in mid-June of 2021. Mr. Rose was subjected to this retaliatory behavior until his termination date in September of 2021.

## JURISDICTION AND VENUE

1.  This action arises from violations of Title VII of the Civil Rights Act of 1964, New York Labor Law §215, and New York Executive Law §296 et. seq (the NYS Human Rights Law).

2.  This Court has jurisdiction under 42 USC 2000e-5(f).

3.  Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

5.  Plaintiff ANTHONY ROSE ("MR. ROSE") resides at 79 Greenway Terrace, Middletown, NY 10941.

6.  On information and belief, Respondent Wineshipping.com, LLC ("Wineshipping") is a business entity conducting business in the State of New York and is doing business in New York State at 3303 US-6 Middletown, NY 10940.

## BACKGROUND FACTS

DEFENDANT WINESHIPPING LLC:

7.  Wineshipping offers warehouse optimization, transport, and order fulfillment services to beverage industry brands.

8.  Wineshipping employs more than 15 employees in the State of New York.

9.  During any time period whatsoever between April 2021 through September 2021, Wineshipping had the ability to perform one or more of the following actions: (1) hire Mr. Rose, (2) terminate the employment of certain employees of Wineshipping (3) set the wage rates of certain employees of Wineshipping, (4) maintain payroll records for certain employees of Wineshipping, or (5) institute work rules for certain employees of Wineshipping.

PLAINTIFF ANTHONY ROSE:

10. From April 2021, through September 2021, Wineshipping employed Mr. Rose as a W-2 wage earner.

11. While working for Wineshipping, Mr. Rose worked as a warehouse associate.

12. John Fife ("Mr. Fife") was Mr. Rose's supervisor from his start of employment until was terminated.

13. In June of 2021, Mr. Rose's girlfriend and coworker, Shaniqua Leath ("Ms. Leath"), was being sexually harassed by another employee named Chris Ward ("Mr. Ward").

14. Ms. Leath went to management and Human Resources ("HR") to report this sexual harassment on multiple occasions, but they never addressed her complaints.

15. Due to the ineffectiveness of management, three weeks later, Ms. Leath told Mr. Rose about the sexual harassment, and the Respondent's failure to take corrective action.

16. In response to Ms. Leath's plea for help, Mr. Rose approached Mr. Ward and told him "Look, you are making her very uncomfortable with what you're doing, and it needs to stop immediately."

17. Mr. Ward went to their supervisor, Mr. Fife, and told him what happened. After this Mr. Fife

asked Mr. Rose if he wanted to go home because it seemed he was having an issue with Mr. Ward. To be clear, Mr. Fife encouraged Complainant to go home after he complained about his girlfriend being sexually harassed, yet no action was taken against Mr. Ward.

18. Shortly after Ms. Leath was sexually harassed, she decided to quit, and Mr. Rose thought the matter was closed. However, ever since he intervened on Ms. Leath's behalf, Mr. Rose's work environment became very hostile and uncomfortable as his supervisor did not speak to or acknowledge him throughout the day. Further, his performance was constantly questioned.

19. On July 27, 2021, Mr. Rose had a medical appointment. Mr. Rose notified Mr. Fife about this appointment two days prior. On the day of the appointment, after leaving the hospital, Mr. Rose went to work only to find that Mr. Fife had given him a disciplinary write-up for not showing up to work. Mr. Rose tried to show him the hospital's paperwork, but Mr. Fife refused to acknowledge it.

20. Upon receiving his first write-up, Mr. Rose wrote that he felt targeted and discriminated against on the back of the document.

21. During the months following Ms. Leath's sexual harassment incident, Mr. Rose's performance started to be questioned by the senior outbound manager, Alex Watton ("Mr. Watton"), and General Manager James Delaney ("Mr. Delaney"). This never happened before Mr. Rose's complaint about Mr. Ward.

22. On August 19, 2021, Mr. Rose noticed that Operations manager Daniel Robertson ("Mr. Robertson") was behind schedule in his area. Mr. Rose went to help by loading some boxes. While helping, Mr. Rose accidentally dropped some boxes that bumped Mr. Robertson, who proceeded to address Mr. Rose disrespectfully. Mr. Rose left to prevent any kind of argument.

23. On August 20, 2021, Mr. Rose approached Mr. Robertson and asked him respectfully to never address him in such an aggressive and disrespectful tone again. Mr. Robertson told Mr. Rose that he couldn't talk to a manager that way and Mr. Robertson subsequently reported the matter to HR. Mr. Rose received a write-up for insubordination and rudeness shortly after. Mr. Rose once again wrote on the back of the document that he felt singled out and discriminated against.

24. On the morning of September 14, 2021, Mr. Rose was performing his usual tasks when his supervisor, Mr. Fife, told him that he couldn't use his cellphone during work hours. Mr. Rose told him that he was listening to music as he always did since it was not prohibited. Three hours later Mr. Fife returned and threatened Mr. Rose saying that he would terminate Mr. Rose's employment if he ever saw him on the cellphone again. Mr. Rose was confused because the issue had happened three hours prior and thought that the matter was closed.

25. Later on that day Mr. Rose received a call from Mr. Fife, who told him not to report to work on September 15, 2021. Mr. Rose immediately called Wineshipping LLC's hotline to explain the situation that happened with Mr. Fife and they told him they would conduct an investigation.

26. On the same date, Mr. Rose received an email that stated his employment was terminated for allegedly threatening to punch Mr. Fife in the face and for alleged insubordination after Mr. Fife asked him not to use the phone.

3

27. Mr. Rose never threatened Mr. Fife or refused to not use his phone at work.

28. On May 13, 2022, Mr. Rose dual filed a complaint with the Equal Employment Opportunity Commission and New York Division of Human Rights concerning the Defendant's unlawful conduct.

29. On August 15, 2022, Mr. Rose received a right to sue notice from the Equal Employment Opportunity Commission.

<h2 style="text-align:center">FIRST CAUSE OF ACTION<br>(Retaliation under the New York Labor Law)<br>(N.Y.L.L §215)</h2>

30. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

31. Pursuant to the New York Labor Law §215, it is unlawful to take any retaliatory action against an employee who engages in protected activity.

32. Mr. Rose engaged in protected activity when he complained to the company about Mr. Ward's sexual harassment of his girlfriend, Ms. Leath.

33. Wineshipping LLC failed to follow normal disciplinary protocols and terminated Mr. Rose without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for his complaining about workplace sexual harassment and retaliation.

34. Mr. Rose is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from his date of termination, and reasonable front pay.
   .

<h2 style="text-align:center">SECOND CAUSE OF ACTION<br>(Retaliation under Title VII)<br>(Title VII of the Civil Rights Act of 1964)<br>42 USC §2000e-3.</h2>

35. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

36. Pursuant to the Civil Rights Act of 1964 ("Title VII"), it is unlawful to take any retaliatory action against an employee who engages in protected activity.

37. Mr. Rose engaged in protected activity when he complained to the company about Mr. Ward's sexual harassment of his girlfriend, Ms. Leath.

38. Wineshipping LLC failed to follow normal disciplinary protocols and terminated Mr. Rose without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for his complaining about workplace sexual harassment and retaliation.

39. Mr. Rose is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from his date of termination, and reasonable front pay.

## THIRD CAUSE OF ACTION
### (Retaliation under the NYSHRL)
### (§296 of the NY State Executive Law)

40.    Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

41. Pursuant to the New York State Human Rights Law, it is unlawful to retaliate against an employee for complaining about a hostile work environment.

42. Mr. Rose engaged in protected activity when he complained to the company about Mr. Ward's situation with Ms. Leath.

43. Wineshipping LLC failed to follow normal disciplinary protocols and terminated Mr. Rose without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for his complaining about workplace sexual harassment and retaliation.

44. Mr. Rose is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from his date of termination, and reasonable front pay.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Directing the Defendants to pay all economic damages including but not limited to lost wages, wage supplements, and lost fringe benefits as a result of Respondent's unlawful termination of Plaintiff;

B.  Directing Defendants to pay Plaintiff compensatory and punitive damages;

C.  Directing Wineshipping to pay prejudgment interest, postjudgment interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

D.  Directing Respondent to pay the reasonable attorney fees and expenses incurred in bring this action;

E.  Any other form of relief deemed just and proper.


Dated:   White Plains, New York
             September 1, 2022


By: _____
*Jordan El-Hag*
Jordan El-Hag, Esq.
Attorney for Plaintiff
El-Hag & Associates, PC
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com